IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW QUINN,

   **Plaintiff,**

v.

UNITED STATES FEDERAL BUREAU OF
INVESTIGATION, et al.,

   **Defendants.**

Case No. 24-cv-2374-DDC-TJJ

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se*, has filed this civil rights action, under 42 U.S.C. § 1983, against the Federal Bureau of Investigation, Cricket Wireless LLC, the Topeka Police Department, and the Kansas City Police Department alleging denial of medical treatment, housing, and Social Security Disability Insurance.[1] He also alleges Defendants are the reason he has been homeless for fourteen years, Defendants follow him from state to state, and he cannot receive medical treatment because they continue to invade his privacy by wiretapping his phone and hindering him.[2] This matter is presently before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 5), in which he asks the Court to appoint a lawyer to represent him in this case.[3]

---

[1] Compl. at 3 (ECF No. 1).

[2] *Id.* at 4-5.

[3] Plaintiff has filed the same motion for appointment of counsel in all three cases pending before the Court. *See* Cases 24-2360; 24-2374; 24-2269.

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel.[4] Courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[5] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[6] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[7] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his own.[8] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

However, because Congress did not provide any mechanism for compensating appointed counsel in civil cases, *Castner* cautions the "[t]houghtful and prudent use of the appointment power

---

[4]*Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[5]*Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[6]*See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[7]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[8]*Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

. . . so that willing counsel may be located without the need to make coercive appointments."[9] Indiscriminate appointment of volunteer counsel to undeserving claims wastes precious resources and may discourage attorneys from providing pro bono services.[10]

The Court has considered Plaintiff's Motion for Appointment of Counsel under the above factors. The Court has already granted Plaintiff's motion to proceed *in forma pauperis* in this case.[11] Plaintiff made diligent efforts to obtain counsel by showing he contacted seven attorneys.[12] However, the Court finds the other factors for the appointment of counsel weigh against appointing counsel. Plaintiff has filed six cases in this District since 2023, three of which have been dismissed for failure to state a claim.[13] After consideration, it appears the complaint he filed in this case will likely be subject to dismissal as well. Additionally, Plaintiff appears to have the ability to present his case without the aid of counsel in light of the liberal standards governing *pro se* litigants.[14] The Court therefore denies Plaintiff's Motion for Appointment of Counsel.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 5) is **denied**.

A copy of this Order will be mailed to Plaintiff.

Dated September 26, 2024, in Kansas City, Kansas.

---

[9] *Id.* at 1421.

[10] *Id.*

[11] *See* Order (ECF No. 4).

[12] *See* Motion to Appoint Counsel (ECF No. 5).

[13] *See* Cases 23-2254; 23-2299; 23-2335.

[14] *See* Compl. (ECF No. 1).

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge