IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW QUINN,

        Plaintiff,

v.

UNITED STATES FEDERAL BUREAU
OF INVESTIGATION, et al.,

        Defendants.

Case No. 24-2374-DDC-TJJ

## MEMORANDUM AND ORDER

Before the court is United States Magistrate Judge Teresa J. James's Report and Recommendation (Doc. 8). Magistrate Judge James reviewed the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B) and recommended that the court dismiss this case for failure to state a claim on which relief can be granted. Doc. 8 at 3. Plaintiff Andrew Quinn[1] received notice of his right to file an objection to the Report and Recommendation within 14 days of its service under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). *Id.* at 1. The Report and Recommendation also explained that plaintiff, to secure appellate review, must file any objections within the 14-day period. *Id.*

The Clerk sent a copy of the Report and Recommendation to plaintiff by regular mail. *See id.* This mailing accomplished service of the Report and Recommendation under Fed. R. Civ. P. 5(b)(2)(C) (providing service accomplished by "mailing it to [plaintiff's] last known

---

[1]     Because plaintiff appears pro se, the court construes his pleading liberally and holds it "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.* Also, plaintiff's pro se status doesn't excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

address—in which event service [was] completed upon mailing"). *See also ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014) ("Any notice mailed to the last address of record of . . . a pro se party is sufficient notice." (quotation cleaned up)). "Mailing" occurred on September 26, 2024, when the Clerk mailed the Report and Recommendation to plaintiff. *See* Doc. 8. Thus, the time for plaintiff to file an objection expired on October 10, 2024.

Plaintiff has not filed any objection. Nor has plaintiff sought an extension of time to file an objection. And so, the court now can accept, adopt, and affirm the Report and Recommendation. And it does so. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected).

Having reviewed plaintiff's Complaint (Doc. 1) and Magistrate Judge James's Report and Recommendation (Doc. 8), the court determines that Magistrate Judge James's analysis and conclusions are sound. As Magistrate Judge James concluded, plaintiff's Complaint fails to allege sufficient facts to support a cognizable legal claim against the named defendants. *See* Doc. 8 at 3. The court thus adopts Magistrate Judge James's recommendation and dismisses plaintiff's Complaint (Doc. 1) for failure to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Report and Recommendation issued by United States Magistrate Judge James (Doc. 8) is **ACCEPTED, ADOPTED, and AFFIRMED**.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

**IT IS SO ORDERED.**

**Dated this 14th day of May, 2025, at Kansas City, Kansas**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**